# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BAKERY BLING, *doing business as* LITTLE WAISTED LLC,

      Plaintiff,

v.

MATRIX PACKAGING MACHINERY LLC and PROMACH INC.,

      Defendants.

Case No. 21-CV-1399-JPS

**ORDER**

  Before the Court is Plaintiff's motion for leave to file its first amended complaint. ECF No. 44. Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). Such reasons include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). Burden on the justice system itself also constitutes a sufficient justification for denial of a motion for leave to amend, even where amendment would cause "no hardship at all to the opposing party." *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (quoting *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 908 (7th Cir. 1992)).

The Seventh Circuit Court of Appeals has stressed that Rule 15(a)(2) announces a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). Ultimately, however, the terms of the rule "do not mandate that leave be granted in every case." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

This case has been pending since March 16, 2021. The case was transferred to the Eastern District of Wisconsin on December 8, 2021. ECF Nos. 29, 30. The deadline for dispositive motions in this case has been set for September 1, 2022. ECF No. 39. That deadline was set in January 2022, over six months ago. Plaintiff now claims, in a motion that it knew would fully brief less than three weeks before that deadline, that an amendment to its complaint is necessary to 1) re-state its original claims under Wisconsin law; 2) remove Plaintiff's prior claims for Negligence and/or Gross Negligence; and 3) include additional claims and/or causes of action and related factual assertions. ECF No. 45. This Order addresses those contentions below.

Plaintiff first claims that an amendment to its original complaint is necessary to re-state its original claims under Wisconsin law. *Id*. Except for one sentence in its opposition, Defendants do not appear to contest this specific request.[1] Plaintiff's original complaint references Oklahoma law as it was originally filed in the Western District of Oklahoma prior to its transfer to this Court. See ECF Nos. 1, 45 ¶ 3. Considering the lack of

---

[1] As to the Plaintiff's request for leave to amend to re-state its original claims under Wisconsin law, Defendants state only the following: "This case has been pending for over seven months in Wisconsin, during which time the Plaintiff should have modified existing claims to conform with Wisconsin law." ECF No. 46 at 8. No further explanation of its opposition to this specific request is provided.

opposition and the value in Plaintiff's complaint accurately reflecting the applicable Wisconsin law, this Court finds it appropriate to grant leave to amend the complaint to the extent that Plaintiff seeks to re-state its original causes of actions under Wisconsin law.

Plaintiff next claims that an amendment to its original complaint is necessary to remove a previously stated claim for Negligence and/or Gross Negligence, as well as to state four new claims and/or causes of action arising from the same transaction and occurrences alleged in Plaintiff's original complaint. ECF No. 45, ¶¶ 5, 14(b). While Defendants do not contest the removal of the Negligence and/or Gross Negligence claim(s), they do substantively oppose Plaintiff's motion to the extent Plaintiff seeks to add any additional claims. Considering the total lack of opposition by Defendants to the removal of the Negligence and/or Gross Negligence claim(s) and in the interest of efficiency, the Court will grant Plaintiff's motion for leave to amend to the extent that it seeks to remove that claim from the complaint.

The Court next turns to the aspect of the motion that seeks to add additional claims and/or causes of action. Plaintiff argues in support of its motion that any delay in amending its original complaint is attributable to the case's previous focus on Defendants' motion to transfer venue as well as a recent change in Plaintiff's counsel from within the same firm. ECF No. 45 at 4; see also ECF No. 41. The Court is not persuaded by these arguments and does not find that they justify delaying the resolution of this case.

The fact that the case underwent a contested transfer does not excuse Plaintiff from disregarding other aspects of its case—such as the desire to assert additional claims, the basis of which were known to Plaintiff from the beginning. Plaintiff does not explain why the case's previous focus on

transfer prevented it from requesting this amendment earlier. As stated by Defendants in their opposition, approximately seven months elapsed between the transfer of the case to this Court and the filing of Plaintiff's motion for leave to amend. See ECF No. 46. Plaintiff does not claim that information previously unavailable to it has only recently come to light. Plaintiff does not claim that it was previously unable to conduct the discovery necessary to unearth these new claims. Nor does Plaintiff provide any other similar reason showing that it was previously prevented from raising these claims in a more timely amendment, or from raising them in the original complaint in the first place.

This delay in attempting to raise multiple new claims (breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and alter ego liability among Defendants) within mere weeks of the deadline for filing dispositive motions both unfairly prejudices Defendants and burdens the Court. Defendants should not be forced to prepare responses as to these four additional claims within a span of less than three weeks when Plaintiff could have asserted these claims further in advance of the dispositive deadline motion. Furthermore, the Court itself refuses to alter the trial schedule, which has been set and known to the parties for over six months, in order to accommodate Plaintiff's dilatory attempt at amendment.

Because the presence of undue delay, undue prejudice to Defendants, and burden on the judicial system are sufficient basis for denying Plaintiff's motion, the Court need not address Defendants' futility argument. *See Perrian*, 958 F.2d at 195 (citing *Fort Howard v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990) ("[I]t is within the district court's

discretion to deny a motion to amend on the basis of delay and prejudice to the opposing party. . . .")).

In light of the above, the Court will grant Plaintiff's motion for leave to amend its original complaint only to the extent that Plaintiff seeks to re-state its original claims under Wisconsin law and to remove the originally raised Negligence and/or Gross Negligence claim(s). The Court will deny Plaintiff's motion for leave to file its amended complaint in all other respects.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint, ECF No. 44, be and the same is hereby **GRANTED** to the extent that it seeks to re-state its original claims under applicable Wisconsin law, be and the same is hereby **GRANTED** to the extent that it seeks to remove the Negligence and/or Gross Negligence claim(s), and be and the same is hereby **DENIED** to the extent that it seeks to raise additional claims and/or causes of action or alter its substance in any other way not specifically allowed by this Order; and

**IT IS FURTHER ORDERED** that Plaintiff is directed to file its amended complaint in accordance with the terms of this Order by **August 24, 2022.**

Dated at Milwaukee, Wisconsin, this 19th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge